1  **WO**

2

3

4

5

6  ## IN THE UNITED STATES DISTRICT COURT

7  ## FOR THE DISTRICT OF ARIZONA

8

9  Jabin J Clark,                                  No. CV-25-00816-PHX-KML

10                      Plaintiff,                 **ORDER**

11  v.

12  Central Arizona Shelter Services,

13                      Defendant.

14

15          Plaintiff Jabin J. Clark filed a complaint against Central Arizona Shelter Services.

16  (Doc. 1.) Clark also filed an application for leave to proceed without prepaying fees or

17  costs. (Doc. 2.) That application is granted. Having granted the application, the court can

18  assess whether Clark's complaint states any claims on which he might be able to obtain

19  relief. 28 U.S.C. § 1915(e)(1). It does not.

20          Clark can proceed only if his complaint contains "sufficient factual matter, accepted

21  as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

22  662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

23  citations omitted)). It is not enough for Clark to make "an unadorned, the-defendant-

24  unlawfully-harmed-me accusation." *Id.*

25          Clark's complaint contains almost no factual details about what occurred or why he

26  is suing. Clark alleges the "Civil Rights Act" was violated during his visits to Central

27  Arizona Shelter Services because he was "misdirected on multiple occasions to stand

28  somewhere to wait in the wrong location." (Doc. 1 at 3-4.) Clark alleges he was "treated

. . . with misinformation and discrimination." (Doc. 1 at 4.)

Clark's reference to the "Civil Rights Act" may indicate he is attempting to allege a claim under 42 U.S.C. § 1983. But to state a claim under that statute, Clark would be required to "allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (simplified). Clark has not identified any constitutional or statutory right that was violated, nor has he identified the state actor that committed that violation.

Clark's complaint is dismissed with leave to amend. If Clark amends his complaint, he must include significantly more factual allegations explaining the basis for his suit.

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. No later than **March 28, 2025**, plaintiff shall file an amended complaint.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to enter a judgment of dismissal without prejudice if no amended complaint is filed by **March 28, 2025**.

Dated this 13th day of March, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**